UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DONJON-SMIT, LLC,<br><br>        Plaintiff,<br>   v.<br><br>ADMIRAL KARL L. SCHULTZ, CAPTAIN JOHN W. REED, COMMANDER NORM C. WITT, and COMMANDER MATTHEW J. BAER, in their official capacity as officers of the UNITED STATES COAST GUARD,<br><br>        Defendants. | No. 2:20-cv-00011 LGW-BWC |

**UNITED STATES' OPPOSITION TO PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER**

     Defendants, Admiral Karl L. Schultz, Captain John W. Reed, Commander Norm C. Witt, and Commander Matthew J. Baer (collectively, the "Coast Guard"), provide the following response in opposition to Plaintiff's motion for a temporary restraining order, ECF No. 6.[1]

     1.     Plaintiff's Complaint asserts that the Coast Guard violated the Oil Pollution Act when it approved a deviation to a vessel response plan for a nontank vessel on December 21, 2019. ECF No. 1 at 13-14. Such vessel response plans are developed to prepare for a "nontank

---

[1] Plaintiff states that, pursuant to Rule 65, it seeks "a temporary restraining order, preliminary injunction, and permanent injunction." ECF No. 6 at 12, ¶ 26. In this filing, the Coast Guard responds to the motion only to the extent that it seeks a temporary restraining order. Undersigned counsel have not been able to confirm that the United States and the Coast Guard have been served under Rule 4(i), but three Coast Guard employees received a copy of the complaint and motion by email on February 14, 2020, and the Coast Guard is currently reviewing the Complaint. The Coast Guard will file a response to the motion for preliminary injunction no later than 14 days after receiving the motion unless the Court orders otherwise. *See* LCvR 7.5.

1

vessel's worst case discharge or substantial threat of such a discharge." 33 C.F.R. § 155.5010. Plaintiff seeks review of the Coast Guard's approval decision under the Administrative Procedure Act, ECF No. 1 at 13.  Plaintiff also asserts that the Coast Guard violated Plaintiff's procedural and substantive due process rights under 42 U.S.C. § 1983 and the Fifth Amendment of the United States Constitution.  *Id.* at 14-15.  Plaintiff seeks declaratory and injunctive relief, and also seeks a writ of mandamus "compelling [the Coast Guard] to reverse its approval of . . . the deviation from the [vessel response plan]."  *Id.* at 12-13, 16-17.

2. Plaintiff has been aware of the Coast Guard's approval since at least December 22, 2019.  ECF No. 1-3 at 2 (electronic mail from Plaintiff's representatives to Coast Guard representatives).  Yet Plaintiff did not file its Complaint and motion for a temporary restraining order until February 13, 2020, 53 days later.  ECF Nos. 1, 6.

3. "In extraordinary situations, Rule 65 . . . provides an exception to the general rule of prior notice and hearing."  *United States v. Kaley*, 579 F.3d 1246, 1263-64 (11th Cir. 2009). Under Rule 65, a court may issue a temporary restraining order without written or oral notice to the adverse party only if the movant meets both requirements of Rule 65(b)(1):

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

4. While the Coast Guard believes that Plaintiff's Complaint does not provide specific facts that show immediate and irreparable harm as required under Rule 65(b)(1)(A), at a

minimum, Plaintiff's counsel has failed to certify in writing any efforts made to give notice of the motion for temporary restraining order and why it should not be required. *See* Fed. R. Civ. P. 65(b)(1)(B). As this District Court has recognized, "the requirements of Rule 65(b)(1) are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process." *Favors-Morell v. United States*, No. CV 215-19, 2015 WL 12696116, at *1 (S.D. Ga. Feb. 18, 2015) (Wood, J.) (internal quotations and citations omitted). The notice requirement should be strictly observed where, as here, Plaintiff has known of the grounds for its motion for nearly two months.

5. In the event the Court were to consider granting a temporary restraining order prior to the briefing of Plaintiff's motion for preliminary injunction or resolution of the merits of Plaintiff's claims, the Court should deny Plaintiff's request that the Court "[h]old unlawful and set aside" the Coast Guard's approval of the deviation from the vessel response plan, enter judgment against the Coast Guard, or issue a writ of mandamus directing the Coast Guard to take any action. ECF No. 6 at 18-19. "The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Ne. Florida Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1284 (11th Cir. 1990). "Mandatory preliminary relief, which goes well beyond simply maintaining the status quo[,] is particularly disfavored." *Powers v. Sec'y, Fla. Dep't of Corr.*, 691 Fed. App'x 581, 583 (11th Cir. 2017) (internal quotations and citation omitted). In this context, the only temporary or preliminary relief Plaintiff could possibly seek is an order staying the Coast Guard's decision to approve the deviation to the vessel response plan until this action can be fully litigated.

*   *   *

Date:   February 17, 2020						Respectfully submitted,

BOBBY L. CHRISTINE
United States Attorney

*/s/ Bradford C. Patrick*
BRADFORD PATRICK
Assistant United States Attorney
South Carolina Bar No. 102092
Post Office Box 8970
Savannah, Georgia  31412
Telephone:  (912) 652-4422
Facsimile:  (912) 652-4227
bradford.patrick@usdoj.gov

/s/  *Martha C. Mann*
MARTHA C. MANN
SYDNEY A. MENEES
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 514-2664 (Mann)
Fax: (202) 514-8865
martha.mann@usdoj.gov
sydney.menees@usdoj.gov

*Counsel for Defendants*