**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

**DONJON-SMIT, LLC,**

                            **Plaintiff,**

    **vs.**

**ADMIRAL KARL L. SCHULTZ, CAPTAIN
JOHN W. REED, COMMANDER NORM C.
WITT, and COMMANDER MATTHEW J.
BAER, in their official capacity as Officers of
the UNITED STATES COAST GUARD,**

                            **Defendants.**

**CIVIL ACTION NO:**
**2:20-CV-00011-LGW-BWC**

**MOTION FOR ORDER REQUIRING DEFENDANTS
AND COMMANDER WITT TO PRODUCE CERTAIN RECORDS
FOR USE AT HIS DEPOSITION
SCHEDULED OF MARCH 9, 2020**

COMES NOW Plaintiff and seeks an order of the Court requiring Defendants to produce, in connection with the deposition of Commander Witt, limited documents that appear not currently a part of the Administrative Record. Plaintiff is aware that the Court is not inclined to broaden the scope of the deposition beyond the Administrative Record, to be produced by close of business today, March 3, 2010. However, the documents sought fall into three limited, and key, categories:

1. Documents confirming that Commander Witt was properly certified *in writing by a NIMCS compliant agency* to serve as Federal On Site Coordinator (FOSC);

2. Commander Witt's emails, text messages and voicemail messages that relate to GOLDEN RAY and his activities as FOSC; and

3. Draft reports and staff notes.

1

Plaintiff received the Administrative Record at 5:00 p.m., March 3, 2020.  We finished a cursory review of the documents, consisting of 2780 pages, shortly after midnight, and it appears that the Administrative Record produced by Defendants does not contain the information that we are requesting by this motion.  Plaintiff emailed Defendants' counsel and requested that Defendants produce the documents voluntarily[1], without the need for subpoena or court intervention.  Defendants' counsel responded that "The Coast Guard will not be producing additional materials unless ordered to do so by the Court."  Plaintiff need the requested documents to enable Plaintiff to have a thorough cross-examination of Commander Witt.

The parties have agreed that Plaintiff will take the deposition of Commander Witt on Monday, March 9, 2020, in Savannah Georgia.  Plaintiff requests that the Court enter an order requiring Defendants to produce the records identified herein, by no later than 5:00 p.m., Sunday, March 8, 2020.

**Certification NIMS-Compliant**

In order to qualify to serve as an FOSC,  for an individual to qualify as an FOSC, the individual must be properly certified and qualified to perform a NIMS ICS position.  *If "the person is not certified in writing by a NIMS-compliant agency, then that person does not have the proper authorization granted to them to fill that position within established IMT standards*.  To align with federal NIMS ICS standards and for purposes of [COMDTINS], within the Coast Guard the term *certification* will be used to refer to all ICS PQS position qualifications and is considered equivalent to the achievement of a Coast Guard qualification."  *See* Plaintiff's hearing exhibit 33;

---

[1] The email exchange did not address draft reports and staff notes.

Contingency Preparedness Planning Manual, Vol. 4, June 2016, COMDTINST M3010.24, Chapter 10-5, ¶ D.1 (Qualification versus Certification)(emphasis added).

There is no evidence is the Administrative Record produced or other documents filed by the Defendants to demonstrate that Commander Witt was certified in writing by a NIMS-compliant agency. If Commander Witt did not have this certification, he was <u>not authorized to act</u> as the FOSC within established IMT standards. The only document produced by Defendants that show any credentialing of Commander Witt is his biography (Commander Witt's biography (Dkt. 22-9)), which omits any reference to whether he was certified in writing by a NIMS-compliant agency. The Defendants chose to introduce Commander Witt's biography as part of their submission to the Court, but that document is not officially a part of the Administrative Record. Commander Witt's biography does not demonstrate he was certified by the United States Coast Guard (USCG). If Commander Witt was not properly certified by the USCG or other NIMS-compliant agency, then he was not authorized to serve as FOSC, did not have proper authority to make decisions under OPA 90, and did not have authority to grant the Owner's deviation request to allow the Owner to displace Plaintiff and allow T & T Salvage to handle all remaining SMFF services contemplated by the NTVRP. If he was not authorized to act as the FOSC, then the entire underpinning for granting the deviation fails, as he would not have been authorized to consider it, much less grant it. In that circumstance, the Plaintiff would be, as a matter of law, entitled to the injunctive relieve sought. If Commander Witt was, in fact, certified in writing by a NIMS-compliant agency, then Defendants certainly know of the existence of such a document and there is minimal burden in producing it. Without the document, Plaintiff is in a position of having the right to ask Commander Witt whether he is, in fact, certified in writing by a NIMS-compliant agency and having to rely solely on his testimony, without the benefit of the best evidence of such certification. If

Commander Witt is certified in writing, then Defendants should be required to produce such a document.

**Emails, Texts and Voicemail Messages**

The Administrative Record produced by Defendants contains only a handful of emails and no text messages or voicemails.[2]  Plaintiff is concerned that there may be emails, text messages, voicemails or other evidence not part of the Administrative Record that were considered by Commander Witt and/or may demonstrate reasons for his actions as the FOSC.   The communications Commander Witt had with others, including but not limited to Donjon Marine Co., Inc., the vessel Owner, P&I Club, Global Salvage Consultancy, Gallagher Marine Systems, any representatives of T & T Salvage,  any agency of the State of Georgia, and other "stakeholders" is critical to Plaintiff and the Court to have a clear understanding of the conduct of Commander Witt as FOSC, what he knew and did not know at critical moments:  date of grounding through November 5, 2019; from November 6, 2019 through December 21, 2019; and from December 21, 2019 until the date that Owner entered into a salvage contract with T&T (including but not limited to when Commander Witt received and reviewed the T&T contract and any funding agreements required under NTVRP).  Plaintiff contends the emails, text messages and voicemails are relevant and discoverable and may help Plaintiff and this Court have a more clear understanding of the facts and circumstances leading up to Commander Witt issuing his Deviation Letter and whether it was proper to accept T&T as a resource provider without having proper contract or funding agreements in place.  The documents may show, for example, the extent to which Commander

---

[2] Plaintiff's counsel is not surprised that voicemail messages are not a part of the Administrative Record; however, given the age of technology and the manner in which parties communicate, if there are voicemail messages that relate to any of the critical time periods, the decision to not allow the Plaintiff's plan to be properly vetted and/or the decision to allow a deviation from the NTVRP is relevant and should be produced to Plaintiff.

Witt was aware of the Plaintiff's salvage plan on or near November 5, 2019, whether he was aware of the Invitation to Tender (ITT) or the competitive bidding created by the ITT, whether he was aware of the letter of intent (LOI) between P&I Club and Plaintiff and how the LOI impacted Plaintiff's communications with Unified Command, how the ITT process prevented Plaintiff's salvage plan from being vetted through the Planning P process, any reasonable basis for Commander Witt to have allowed there to be a delay of salvage of over two months from November 5, 2019 until December 21, 2019, whether Commander Witt was involved in suggesting that Plaintiff work with T&T and the extent to which T&T officials were in contact with Commander Witt, and whether Commander Witt and the USCG did, in fact, direct Owner to submit the deviation request.

These documents may be pertinent to Plaintiff's claims under the Administrative Practice Act, and/or Defendants' other claims.   Plaintiff's request is reasonable and is not overly broad. The documents sought, presently not part of the Administrative Record, will allow Plaintiff to collect the universe of documents available to or created by Commander Witt at critical times when he was making decisions concerning the salvage of the GOLDEN RAY.

The Eleventh Circuit permits a reviewing court to "go beyond" the administrative record if "(1) an agency's failure to explain its actions effectively frustrates judicial review; (2) it appears the agency relied on materials or information not included in the administrative record; (3) technical terms or complex subjects need to be explained; or (4) there is a strong showing of agency bad faith or improper behavior." Preserve Endangered Areas of Cobb's History v. United States Army Corps of Eng'rs, 87 F.3d 1242, 1246 (11th Cir.1996); Sierra Club v. United States Forest Serv., 535 F. Supp. 2d 1268, 1291, (N.D. Ga 2008). See also City of Dania Beach v. F.A.A., 628 F.3d 581, 590 (D.C. Cir. 2010); Mobile Baykeeper, Inc. v. United States Army Corps of Eng'rs,

2014 U.S. Dist. LEXIS 77893, *5-6, (M.D. Ala. 2014) (An agency record may be supplemented "if background information was needed to determine whether the agency considered all the relevant factors.")

Plaintiff seeks an order requiring Defendants and Commander Witt to produce all communications with Plaintiff, Donjon Marine Co., Inc., the vessel Owner, P&I Club, Global Salvage Consultancy, Gallagher Marine Systems, any representatives of T & T Salvage,  any agency of the State of Georgia, and other "stakeholders" who were or are part of this Unified Command, that are not included in the Administrative Record.  As noted above, the Eleventh Circuit allows such consideration in certain circumstances.  This Court may take into consideration that Defendants have known the Administrative Record would be necessary for the Court (and Plaintiff) to have, but yet withheld it from the Plaintiff (in spite of two separate FOIA requests) and did not have it available before or even at the February 25, 2020 Hearing in this matter.


**Draft Reports and Staff Notes**

40 C.F.R. § 300.810 (which is a part of the National Oil and Hazardous Substances Pollution Contingency Plan) identifies what "typically" the administrative record will  contain and what it typically will not.  Under subsection (b) "exclusions," draft reports and staff notes are "typically" omitted.  The Administrative Record produced by Defendants appears not to include any such items.  However, in this circumstance, the thought processes and information available to Commander Witt  that led to his decision to allow the deviation at issue could certainly have helped formulate his decision.  Accordingly, Plaintiff seeks an order requiring Defendants and Commander Witt to produce documents the Defendants may have excluded that fall into subsection (b) documents.

Another category of documents is described in subsection (c) of 40 C.F.R. § 300.810, which states that "privileged document" shall not be produced except as provided in "subsection (d)", relating to confidential documents.  Subsection (d), in turn, instructs that a "confidential file" cannot be withheld if it is the only document containing confidential or privileged information *and is not otherwise available to the public* …." (Emphasis added)  In that situation, the information in the confidential document is to be summarized ("to the extent feasible" "as to make it disclosable and the summary is to be placed in the publicly available portion of the administrative record file"). If the information cannot be summarized in a "disclosable manner", the agency is to keep the confidential record in a separate "confidential" file.  However, all documents secured in this fashion "shall be listed in the index to the file."  In the Index provided by the Defendants, no documents are identified as summaries nor or any documents marked as "confidential." The purpose of this request for an order is to verify that there are, indeed, no confidential documents that either have not been summarized and/or not identified on the Defendants' Index.

## CONCLUSION

For the reasons outlined above, as supported by the allegations contained in Plaintiff's Complaint and further supported by the testimony and evidence before the Court, Plaintiff submits that the Order requested by Plaintiff is a proper exercise of the Court's discretion.  Plaintiff has attempted to resolve this matter with Defendant's counsel but was unable to do so before filing this Motion for Leave.

*SIGNATURE ON FOLLOWING PAGE*

7

Respectfully submitted,

**TAYLOR, ODACHOWSKI, SCHMIDT &
CROSSLAND, LLC**

 /s/ Joseph R. Odachowski
**Joseph Odachowski**
Georgia State Bar No:           549470
**Peter H. Schmidt, II**
Georgia State Bar No:           629512

300 Oak Street, Suite 200
St. Simons Island, GA 31522
(912) 634-0955 – Telephone
(912) 638-9739 – Facsimile
jodachowski@tosclaw.com
pschmidt@tosclaw.com

**ATTORNEYS FOR PLAINTIFF
DONJON-SMIT, LLC**

**OF COUNSEL:
CLARK HILL PLC**

 /s/ Garney Griggs
**Garney Griggs**
Texas State Bar No:   08491000
**Clifford Bowie Husted**
Texas State Bar No:   00796803
909 Fannin, Suite 2300
Houston, TX  77010
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile
ggriggs@clarkhill.com
hustedc@clarkhill.com

**ATTORNEYS FOR PLAINTIFF
DONJON-SMIT, LLC**

## CERTIFICATE OF SERVICE

This hereby certifies that on this day, I electronically filed the ***Plaintiff's Motion for Order Requiring Defendants and Commander Witt to Produce Certain Records Use At His Deposition Scheduled of March 9, 2020*** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Martha C. Mann, Esq.
Sydney A. Menees, Esq.
UNITED STATES DEPARTMENT OF JUSTICE
Environmental & Natural Resources
Division
Post Office Box 7611
Washington, DC  20044
Martha.mann@usdoj.gov
Sydney.menees@usdoj.gov

Bradford C. Patrick, Esq
ASSISTANT UNITED STATES ATTORNEY
Post Office Box 8970
Savannah, Georgia   31412
Bradford.patrick@usdoj.gov

*Attorneys for Defendants*

This _____4ᵗʰ_____ day of __March__, 2020.

**TAYLOR, ODACHOWSKI, SCHMIDT & CROSSLAND, LLC**

 /s/ Joseph R. Odachowski
**Joseph Odachowski**
Georgia State Bar No:          549470
**Peter H. Schmidt, II**
Georgia State Bar No:          629512

300 Oak Street, Suite 200
St. Simons Island, GA 31522
(912) 634-0955 – Telephone
(912) 638-9739 – Facsimile
jodachowski@tosclaw.com
pschmidt@tosclaw.com

**ATTORNEYS FOR PLAINTIFF DONJON-SMIT, LLC**

***SIGNATURES CONTINUE ON FOLLOWING PAGE***

**OF COUNSEL:**
**CLARK HILL PLC**

  /s/ Garney Griggs
**Garney Griggs**
Texas State Bar No:   08491000
**Clifford Bowie Husted**
Texas State Bar No:   00796803
909 Fannin, Suite 2300
Houston, TX  77010
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile
ggriggs@clarkhill.com
hustedc@clarkhill.com

**ATTORNEYS FOR PLAINTIFF**
**DONJON-SMIT, LLC**