**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| **DONJON-SMIT, LLC,** | |
| **Plaintiff,** | |
| **vs.** | **CIVIL ACTION NO:** <br> **2:20-CV-00011-LGW-BWC** |
| **ADMIRAL KARL L. SCHULTZ, CAPTAIN JOHN W. REED, COMMANDER NORM C. WITT, and COMMANDER MATTHEW J. BAER, in their official capacity as Officers of the UNITED STATES COAST GUARD,** | |
| **Defendants.** | |

<u>**PLAINTIFF'S REPLY TO UNITED STATES COAST GUARD'S OPPOSITION TO
PLAINTIFF'S MOTION FOR ORDER REQUIRING DEFENDANTS
AND COMMANDER WITT TO PRODUCE CERTAIN RECORDS
FOR USE AT HIS DEPOSITION
SCHEDULED OF MARCH 9, 2020**</u>

COMES NOW Plaintiff and files this its reply to USCG's Opposition to Plaintiff's Motion for Order Requiring Defendants and Commander Witt to Produce Certain Records for use at his deposition, as follows:

Whether Commander Witt was properly authorized and qualified to fulfill the role of FOSC goes to the very heart of this case. There is little question in this case that the process to remove the GOLDEN RAY has gone horribly wrong. The vessel has remained grounded in the St. Simons Sound for months longer than it should have by virtue of the delays that were occasioned by the acts and omissions of Commander Witt and the USCG. The record shows that Commander Witt allowed events to occur (permitting the P&I Club to utilize a Letter of Intent whereby USCG's mandated protocol (Planning P) was circumvented, review of Plaintiff's plan, acquiescence in the P&I Club's use of a nondisclosure to forestall disclosure of Plaintiff's plan to the FOSC, by

1

impermissibly allowing competitive bidding to occur, relying solely on the Owner's deviation request letter as a means to warrant a deviation, not allowing Plaintiff an opportunity to provide information to counter the false statements set forth in the Owner's deviation request letter, allowing Owner to deviate from NTVRP without the existence of proper funding agreement in place, etc.), unchallenged, that Plaintiff contends violate the OPA 90 and Chaffee Amendment. The fact the USCG is fighting so hard to avoid producing a *certification in writing* by a NIMS compliant agency should raise serious concerns.  What is the USCG trying to hide?  This should be simple, and the issue can be resolved by the USCG easily providing documentation confirming whether Commander Witt was, in fact, properly certified and properly authorized to assume the role of FOSC.  If he was not, Plaintiff's complaint will be amended to reflect that important fact. If not, then the issue is resolved.

The USCG also challenges Plaintiff's right or need for Commander Witt's emails, text messages and voicemail messages, which are allegedly not in the Administrative Record.  Plaintiff received and reviewed the Administrative Records and immediately determined that there were only a handful of email messages and no text messages.  Those few emails illustrate why the additional records Plaintiff seeks are critical to a full and complete review of Commander Witt's decision and whether it was appropriate.

In a November 16, 2019 email from Commander Witt to the P&I Club and the Owner (USCGREC002562), Commander Witt writes:

> "As I understand, on or about 5 November 2019, your firm received a brief and proposal from [DJS] on proposed courses of action for final removal of MV GOLDEN RAY and all associated pollution risks.  I understand your firm determined the proposal, as presented, was inadequate and decided to contact other service providers in order to solicit additional proposals/bids for the project."

> "As this solicitation and contract review process could delay final response efforts, I request a summary explanation of why your firm deemed the submitted proposal to be

inadequate.  Additionally, if you intend to continue work with service providers other than those listed in the vessel's approved [NTVRP] and/or the approved [SMFF] Plan, I request notification and explanation of these decisions."

In another email from the P&I Club to Commander Witt (USCGREC002558), the P&I Club writes:

"As previously explained to USCG, in the ordinary course of events a job like this would be the subject of an *Invitation to Tender* (ITT).  In this case, an attempt was made to shorten the process by giving [DJS] – the contractor in site – the exclusive opportunity to bid for the job under a Letter of Intent."

"As matters stand the complete DJS methodology is subject to Non-Disclosure Agreement restrictions.  The purpose of these restrictions is to protect DJS who were concerned commercially sensitive information might be passed to and utilized by other contractors.  The full methodology could be released with the agreements of DJS, Owners and the Club – we would support this if release of it would assist the UC and USCG.  If that is the case, it would require such a request from the USCG.

"The DJS offer was not attractive because of the methodology.  That became apparent at the NJ meeting (involving senior Club, Club expert advisors and DJS representatives) which was brought forward to 6 November 2019.

These emails show that Commander Witt was aware of Plaintiff's proposed salvage plan and the Owner and P&I Club's failure to have the plan properly vetted and/or to go through the proper planning process to secure final approval.  Commander Witt was made aware of the competitive bidding environment and the letter of intent period, including nondisclosure, that caused delays of the project at that time by at least three weeks.

Email exchanges between Commander Witt and a representative from T&T, the entity that was the subject of Commander Witt's approval of the Owner's deviation request, show further neglect in failing to follow established USCG protocol.  In a December 4, 2019 email, a T&T representative advised Commander Witt that his company can remove the vessel "relatively quickly and efficiently with a limited number of cuts, potentially allowing the removal of the ship before the next hurricane season."   USCGREC002566.   Captain Reed responded to T&T's

December 4th email, and copied Commander Witt, advising that he "will certainly make all aware of that capability."  Id.

In a December 16, 2019 email from T&T's Jim Elliott to Commander Witt (USCGREC002565), Elliott advises Commander Witt:

> "Now that the regulatory intent has been addressed and the vessel has been deemed a constructive total loss, the GOLDEN RAY is no longer an operating vessel requiring a VRP, but rather an object to be removed from the waterway under other regulatory authorities.  As such, there is not a need to deviate from the VRP using the parameters of the Chafee Amendment ("a more expeditious or effective response" that could be applied today at the FOSC's discretion) but rather to simply issue a Unified Command decision memo regarding the transition from salvage operations governed by SMFF regulations to a wreck removal under the Wreck Removal Act.  WE understand this aligns with CG-MER's interpretation of the SMFF regulations."

This email exchange shows that T&T was already engaged in direct communication with Commander Witt at a time when Plaintiff is still the sole, primary resource provider for SMFF services and that T&T is suggesting to Commander Witt that Chafee Amendment does not apply and that Commander Witt can simply issue a Unified Command decision memo approving T&T. Id.

The Administrative Record produced by Defendants Does not appear to include a complete record of the exchanges between Commander Witt and his staff,  or between Commander Witt and others, including the Owner, the P&I Club and T&T.    Prior to the Court issuing an order on Plaintiff's injunctive relief, this Court should have a complete record of the communications and events that have caused months of delays in the removal of the GOLDEN RAY, and the circumstances under which Commander Witt granted the Owner's deviation request and issued his decision memorandum.

The Eleventh Circuit permits a reviewing court to "go beyond" the administrative record if "(1) an agency's failure to explain its actions effectively frustrates judicial review; (2) it appears

the agency relied on materials or information not included in the administrative record; (3) technical terms or complex subjects need to be explained; or (4) there is a strong showing of agency bad faith or improper behavior." *Preserve Endangered Areas of Cobb's History v. United States Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir.1996); Sierra Club v. United States Forest Serv., 535 F. Supp. 2d 1268, 1291, (N.D. Ga 2008). *See also City of Dania Beach v. F.A.A.,* 628 F.3d 581, 590 (D.C. Cir. 2010); *Mobile Baykeeper, Inc. v. United States Army Corps of Eng'rs*, 2014 U.S. Dist. LEXIS 77893, *5-6, (M.D. Ala. 2014) (An agency record may be supplemented "if background information was needed to determine whether the agency considered all the relevant factors.").  If Commander Witt was not properly certified or authorized, then certainly that would show bad faith on the part of the USCG.  Further, if USCG was improperly influenced by Owner, P&I Club or others (including T&T), then any and all exchanges (digital or otherwise) are discoverable and relevant to this matter.

## <u>CONCLUSION</u>

For the reasons outlined above, as supported by the allegations contained in Plaintiff's Complaint and further supported by the testimony and evidence before the Court, Plaintiff submits an order as requested by Plaintiff is a proper exercise of the Court's discretion.  Plaintiff has attempted to resolve this matter with Defendant's counsel but was unable to do so before filing this Motion for Leave.

**[signatures on following pages]**

Respectfully submitted,

**TAYLOR, ODACHOWSKI, SCHMIDT & CROSSLAND, LLC**

 /s/ Joseph R. Odachowski
**Joseph Odachowski**
Georgia State Bar No:          549470
**Peter H. Schmidt, II**
Georgia State Bar No:          629512

300 Oak Street, Suite 200
St. Simons Island, GA 31522
(912) 634-0955 – Telephone
(912) 638-9739 – Facsimile
jodachowski@tosclaw.com
pschmidt@tosclaw.com

**ATTORNEYS FOR PLAINTIFF DONJON-SMIT, LLC**

**OF COUNSEL:**
**CLARK HILL PLC**

  /s/ Garney Griggs
**Garney Griggs**
Texas State Bar No:   08491000
**Clifford Bowie Husted**
Texas State Bar No:   00796803
909 Fannin, Suite 2300
Houston, TX  77010
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile
ggriggs@clarkhill.com
hustedc@clarkhill.com

**ATTORNEYS FOR PLAINTIFF DONJON-SMIT, LLC**

## CERTIFICATE OF SERVICE

This hereby certifies that on this day, I electronically filed the ***Plaintiff's Reply to USCG's Opposition for Order Requiring Defendants and Commander Witt to Produce Certain Records Use At His Deposition Scheduled of March 9, 2020*** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Martha C. Mann, Esq.
Sydney A. Menees, Esq.
UNITED STATES DEPARTMENT OF JUSTICE
Environmental & Natural Resources
Division
Post Office Box 7611
Washington, DC  20044
Martha.mann@usdoj.gov
Sydney.menees@usdoj.gov

Bradford C. Patrick, Esq
ASSISTANT UNITED STATES ATTORNEY
Post Office Box 8970
Savannah, Georgia  31412
Bradford.patrick@usdoj.gov

*Attorneys for Defendants*

This _____5th_____ day of __March__, 2020.

**TAYLOR, ODACHOWSKI, SCHMIDT & CROSSLAND, LLC**

 /s/ Joseph R. Odachowski
**Joseph Odachowski**
Georgia State Bar No:          549470
**Peter H. Schmidt, II**
Georgia State Bar No:          629512

300 Oak Street, Suite 200
St. Simons Island, GA 31522
(912) 634-0955 – Telephone
(912) 638-9739 – Facsimile
jodachowski@tosclaw.com
pschmidt@tosclaw.com

**ATTORNEYS FOR PLAINTIFF
DONJON-SMIT, LLC**